IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | NO. 06-710-01 |
| v. | : | |
| | : | CIVIL ACTION |
| | : | NO. 10-3882 |
| BILIAL SHABAZZ | : | |

**O R D E R**

**AND NOW**, this **17th** day of **June, 2011,** it is hereby **ORDERED**:

1. Petitioner's motion to vacate/set aside/correct sentence, pursuant to 28 U.S.C. § 2255, (doc. no. 230) is **DENIED**;

2. Petitioner's petition will be **DISMISSED**;

3. A certificate of appealability shall not issue;[1]

---

[1] A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make such a showing, "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). Petitioner has not made a request for a COA; however, even if a request had been made, it would be denied because Petitioner has not made a substantial showing of a denial of any constitutional right.

4. This case shall be marked **CLOSED**.

**AND IT IS SO ORDERED.**

 S/Eduardo C. Robreno 

**EDUARDO C. ROBRENO, J.**